**Alan E. DAVIS, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Lt. Col. R. E. Stoffey, Defendants-Appellees.**

**Nos. 79–3634, 79–3494.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 1981.

Decided Feb. 8, 1982.

Phillip M. Connor, San Diego, Cal., for plaintiff-appellant.

Stephen V. Petix, Asst. U. S. Atty., San Diego, Cal., for defendants-appellees.

Before HUG and ALARCON, Circuit Judges, and MARSHALL,* District Judge.

* The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

HUG, Circuit Judge:

Alan E. Davis brought this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, against the United States and Lt. Col. R. E. Stoffey, Davis's commanding officer in the Marine Corps. Davis sought damages for alleged intentional misuse of General Court-Martial proceedings. The district court dismissed, holding that the action was barred by the doctrine developed in *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Because *Feres* applies to Davis's intentional tort claim against the Government, and because the district court lacked subject matter jurisdiction as to Lt. Col. Stoffey, we affirm.

At the time of the events on which Davis's claim is based, he was a First Lieutenant in the Marine Corps. In 1975 two servicemen filed charges against Davis with the Naval Investigative Services ("NIS"). The claimants alleged that Davis had made homosexual attacks upon them. The NIS investigated the charges and forwarded its report to Davis's commanding officer, defendant Stoffey.

An administrative investigation was initiated to determine if Davis should be discharged. Davis, represented by counsel, produced evidence that one of the original complainants had retracted charges made against Davis. Evidence of Davis's character, reputation, and service history was also submitted. The investigation resulted in the dismissal of the charges made by the recanting witness. The remaining charges were referred to trial by General Court-Martial. Davis stood trial and was acquitted on all the charges.

In 1976, Davis was retired from the Marine Corps with a medical disability discharge. Following his discharge, he filed a claim with the Marine Corps pursuant to the FTCA, 28 U.S.C. § 2675. The claim demanded damages in the amount of $3,500,000 for emotional injury and harm to reputation suffered by Davis as a result of

**824**

the NIS investigation and the subsequent Court-Martial. The Marine Corps did not act favorably on the claim, and Davis filed this action.

The theory of Davis's action is that Stoffey is liable in tort for the decision to refer charges against Davis to the General Court-Martial. Davis alleges that Stoffey was advised by the Office of the Staff Judge Advocate to dismiss the action at the investigatory stage. It is contended that the intentional pursuit of the charges despite that advice constituted malicious prosecution, and that it resulted in Davis's emotional anguish, damage to his reputation and the "effective termination" of his military career.

The complaint asserted one cause of action against Stoffey personally, claiming compensatory and punitive damages for malicious prosecution. The second cause of action claimed that the Government was liable for Stoffey's actions as his employer. The asserted jurisdictional basis for each cause of action was the FTCA.

The district court dismissed both causes of action. It held the claims against the Government, as well as those against Stoffey, were barred by the *Feres* doctrine, and that Davis had therefore failed to state a claim for relief. Davis appealed the dismissal to this court. He then sought leave of the district court to amend his complaint. The proposed amendments asserted: (1) FTCA claims against the Government based on alleged acts of its employee, Stoffey; (2) a *Bivens*-type [1] action against Stoffey based on the first and eighth amendments; and (3) claims against Stoffey under 42 U.S.C. § 1981. The Government opposed Davis's motion to amend, and the district court heard oral argument to consider the amendment. The court again dismissed the first action under *Feres.* It held the *Bivens*-type action did not state a cause of action under *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). The section 1981 action was held to be barred by Davis's

failure to exhaust his administrative remedy. Davis then filed a notice of appeal of the district court's refusal to allow amendment of the complaint. He now seeks review of both of the district court rulings.

**I**

Claims Raised by Proposed Amendment

The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed. *Taylor v. Wood,* 458 F.2d 15, 16 (9th Cir. 1972); *Sumida v. Yumen,* 409 F.2d 654, 656 (9th Cir. 1969), *cert. denied,* 405 U.S. 964, 92 S.Ct. 1168, 31 L.Ed.2d 240 (1972); 9 *Moore's Federal Practice,* ¶ 203.11 (2d ed. 1968). Two exceptions to this rule have been recognized. The district court may act to assist the court of appeals in the exercise of its jurisdiction. *See Securities and Exchange Commission v. Investors Security Corporation,* 560 F.2d 561, 568 (3d Cir. 1977). The district court may also retain jurisdiction under specific statutory authority. *See* Fed.R.App.P. 4(a)(4). Davis's motion for leave to amend his complaint satisfied neither of these requirements. *See Segal v. Gordon,* 467 F.2d 602, 608 n.12 (2d Cir. 1972); *Asher v. Harrington,* 461 F.2d 890, 895 (7th Cir. 1972); *Chrysler Corporation v. Lakeshore Commercial Finance Corporation,* 66 F.R.D. 607 (E.D.Wis.1975). The district court had no jurisdiction over the action at the time it considered the motion. Its order of September 17, 1979, denying the motion to amend was issued in error. We remand the case with instructions that the order be vacated.

**II**

Claims Against Defendant Stoffey

In dismissing the original complaint, the district court held that the claims against Stoffey were barred by the *Feres* doctrine. We need not address the application of *Feres* to this defendant, for we find the district court was without jurisdiction

[1] *See Bivens v. Six Unknown Named Agents* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

as to Davis's claims against Stoffey. The asserted jurisdictional basis for those claims was the FTCA. That Act's jurisdictional provision, 28 U.S.C. § 1346(b), enables the district courts to consider claims against the United States. No jurisdiction as to individual defendants is granted. *Morris v. United States*, 521 F.2d 872, 874–75 (9th Cir. 1975); *Williams v. United States*, 405 F.2d 951, 954 (9th Cir. 1969). Because Davis's original complaint failed to state an independent jurisdictional ground as to Stoffey, dismissal of that cause of action was correct, and we affirm the judgment as to Stoffey on that basis.

## III

### Claims Against the United States

■ Davis claims that while a member of the service he was injured by the intentional acts of a government employee. He does not deny that the investigation and prosecution from which the alleged injuries arose were activities incident to his military service. This court has held that the *Feres* doctrine must be applied to claims against the government for injuries sustained by military personnel during an activity incident to service when those injuries are caused by the intentional acts of government employees. *Lewis v. United States*, 663 F.2d 889 (9th Cir. 1981.) In *Lewis*, we considered whether the policies supporting *Feres* required the doctrine's application to claims that an intentional tort resulted in physical injury of a service member. Those policies, as identified by the Supreme Court, include: (1) the "distinctly federal" nature of the relationship between the government and members of the military; (2) the provision of alternate remedies to suit; and (3) the effect of maintenance of suits on military discipline. *Stencel Aero Engineering Corporation v. United States*, 431 U.S. 666, 671–73, 97 S.Ct. 2054, 2057–59, 52 L.Ed.2d 665 (1977).

■ Application of these factors to Davis's allegations leads us to conclude that *Feres* bars the assertion of his claims against the United States. *Feres* reasoned that relationships between the military and its employees should be governed by uniform federal standards. *Feres*, 340 U.S. at 146, 71 S.Ct. at 159; *Lewis*, 663 F.2d at 890–91. Davis's tort action is based on California law, thus disrupting the "distinctly federal" nature of military employment.

While he was a service member, Davis could have availed himself of remedies within the Marine Corps to assert his claims against Stoffey. *See, e.g.*, 10 U.S.C. § 938 (stating procedures for filing complaints against commanding officers.) *See also Wallace v. Chappell*, 661 F.2d 729 n.11 (9th Cir. 1981). Davis thus was provided with an alternate remedy to suit. We reject Davis's claim that only financial compensation for his injuries can constitute an adequate alternative remedy. The Supreme Court stated in *Stencel* that in considering whether the plaintiff has an adequate remedy, compensation of the injured service member must be weighed against the need to shield the government from potentially broad liability imposed by state tort law. *Stencel*, 431 U.S. at 673, 97 S.Ct. at 2059. Even assuming the administrative remedies within the military system do not provide damages for non-physical injuries such as Davis's, he did have access to a means to redress his grievance against Stoffey. The availability of this alternate remedial system precludes recourse to a tort suit against the Government. *See United States v. Lee*, 400 F.2d 558, 562–63 (9th Cir. 1968), *cert. denied*, 393 U.S. 1053, 89 S.Ct. 691, 21 L.Ed.2d 695 (1969).

■■ The final *Feres* factor, effect on military discipline, is the most important consideration raised by the facts of this case. Davis asks the court to review the quasi-prosecutorial actions of his commanding officer in implementing the investigatory and adjudicatory functions of the military justice system. This court is compelled to exercise restraint both in the review of internal military decisions, *Wallace*, 661 F.2d at 731–732, and in examination of the official acts of a prosecutor, *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Beard v. Udall*, 648 F.2d 1264 (9th Cir. 1981). Additional caution is mandated when the involvement of

the court system in a military dispute threatens disruption of "discipline and the orderly conduct of military affairs." *Calhoun v. United States*, 475 F.Supp. 1, 4 (S.D.Cal.1977), *aff'd.*, 604 F.2d 647 (9th Cir. 1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1029, 62 L.Ed.2d 761 (1980), *quoting Henninger v. United States*, 473 F.2d 814, 816 (9th Cir.), *cert. denied*, 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). In our view allowing federal court review of military tribunals to determine compliance with state tort law would constitute an unjustified interference with the military system and would undermine military order and discipline.[2] We therefore decline to adopt the role.

We hold that Davis's intentional tort claims are barred by the *Feres* doctrine. The judgment of the district court dismissing the original complaint is affirmed. The judgment of the district court denying leave to amend the complaint is remanded with instructions to vacate.

AFFIRMED in Part; REMANDED in Part.

---

2. The rule adopted here is consistent with our holding in *Wallace*, which provided that claims against individual government employees justified review of internal military decisions only if the plaintiff stated claims of violations of the Constitution, a federal statute, or military regulations. *Wallace*, 661 F.2d at 733–734. *See also Butz v. Economou*, 438 U.S. 478, 522, 98 S.Ct. 2894, 2918, 57 L.Ed.2d 895 (1978) (Officials acting within scope of authority absolutely immune from actions predicated on common law claims.)